**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 6, 2019

LETTER TO COUNSEL

    RE:    *Kenneth Bumgardner v. Officer Marcus Taylor, et al.*;
             Civil No. SAG-18-1438

Dear Counsel:

    In this case, Plaintiff Kenneth Bumgardner sues former Baltimore City Police Officers Marcus Taylor, Evodio Hendrix, Wayne Jenkins, and Maurice Ward (collectively "the Officer Defendants"), the Baltimore City Police Department ("BPD"), Major Ian Dombrowski ("Dombrowski"), and former Deputy Commissioner Dean Palmere ("Palmere") (collectively, "the BPD Defendants"), alleging civil rights violations in connection with his arrest by the Officer Defendants. ECF 79 (Second Amended Complaint). Specifically, Bumgardner alleges that the Officer Defendants, who have been convicted in federal court for criminal conduct during their tenure with BPD's Gun Trace Task Force ("GTTF"), subjected him to excessive force during a single interaction on February 9, 2016. *Id.*[1] I have reviewed the BPD Defendants' Motion to Bifurcate and Stay Discovery, ECF 107, and the accompanying Memorandum of Law, ECF 107-1 (collectively, "the Motion"), Bumgardner's Opposition, ECF 108, and the BPD Defendants' Reply, ECF 109. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Motion will be granted.

    The Motion seeks to bifurcate the trial of Bumgardner's § 1983 claims against the Officer Defendants from his § 1983 *Monell* claim against BPD, and his supervisory claims against Dombrowski and Palmere.[2] ECF 107 at 1. First, the standard for bifurcating trials is addressed in Federal Rule of Civil Procedure 42(b):

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

---

[1] Bumgardner has not alleged that the incident involving him became part of the charged conduct resulting in the criminal conviction of any of the Officer Defendants.

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), authorized plaintiffs to bring § 1983 civil rights actions against municipalities where the municipality's official policy or custom caused constitutional injury.

The decision whether to bifurcate claims for trial is committed to the broad discretion of the trial judge. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993).

The Motion also seeks to stay discovery related to the *Monell* and supervisory claims until the case against the Officer Defendants is concluded. Decisions about the appropriate timing and sequence of discovery lie within the discretion of the trial court. *See* Fed. R. Civ. P. 26(d)(1) (allowing discovery rules, including those pertaining to scheduling, to be modified "by court order").

Both parties agree that, in the overwhelming majority of similarly situated cases, this Court has bifurcated *Monell* and supervisory liability claims from the underlying § 1983 claims against individual officers. *See* ECF 107-1 at 4-5 (the BPD Defendants' Motion citing a string of cases bifurcating such claims); ECF 108-1 at 4 (acknowledging that "[a] number of § 1983 *Monell* claims have come before this court and, as Plaintiff concedes, a number of these cases have been bifurcated"). The decision whether to bifurcate is ultimately a fact-specific inquiry, and nothing about the facts of this case meaningfully differentiate it from those similar cases.

In order to establish *Monell* or supervisory liability, Bumgardner will have to establish that the Officer Defendants caused him constitutional injury at the time of his arrest on February 9, 2016. Discovery as to the facts of that single interaction should be relatively limited in scope. *See, e.g.*, *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991). If Bumgardner does not prove that critical element of his claim, his claims against BPD, Palmere, and Dombrowski cannot lie. *See id.* Bumgardner argues that judicial economy will not be served, to the extent that a second phase of discovery and a second trial are needed after a verdict for Bumgardner on the underlying claims. *See* ECF 108-1 at 8-9. However, the discovery relevant to the *Monell* and supervisory liability claims will be far broader than the discovery about the single incident on February 9, 2016, because it will look at whether there has been a pattern or practice of violating constitutional rights. Judicial economy is therefore best served by staying discovery into those broader claims until there is a resolution of whether constitutional injury occurred during a single incident.

Bumgardner correctly notes that, in this case, the incident in question occurred during the time frame of the charged criminal conspiracy in federal court, which lasted from at least 2015 until March, 2017. ECF 108-1 at 5 (citing Criminal Indictment, *United States v. Gondo*, No. 1:17-cr-00106-CCB (D. Md. Feb. 23, 2017), ECF No. 1). However, there is no evidence that the February 9, 2016 incident was part of the proof at any of the Officer Defendants' criminal trials or was adjudicated by way of any guilty plea. *See Gondo*, No. 1:17-cr-00106-CCB, ECF No. 137 (Superseding Indictment), ECF No. 158 (Hendrix Plea Agreement), ECF No. 161 (Ward Plea Agreement), ECF No. 254 (Jenkins Plea Agreement). Bumgardner can establish that the City of Baltimore's Civilian Review Board mailed a letter of findings on April 5, 2018, indicating that it had sustained allegations of excessive force against Defendants Jenkins, Hendrix, Taylor, and Ward arising out of the February 9, 2016 incident. ECF 108-2. That letter specifically notes that the Board's findings "are not intended to prove or disprove factual matters relating to pending criminal cases, appeals, or civil lawsuits." *Id.* Thus, the Board's findings do not assist Bumgardner in establishing constitutional violations by the Officer Defendants.

*Bumgardner v. Officer Marcus Taylor, et al.*
Civil No. SAG-18-1438
November 6, 2019
Page 3

      Bumgardner's argument that the BPD Defendants' crossclaim reduces the effectiveness of a bifurcated trial is unpersuasive. ECF 108-1 at 7-8. The crossclaim will only be pertinent to the extent the BPD Defendants face legal exposure. Thus, if the Officer Defendants prevail in the first phase of a bifurcated trial, there will be no need for discovery regarding, or any consideration of, the BPD Defendants' crossclaim.

      Finally, although Bumgardner argues that the BPD Defendants' argument about the prejudicial effect of evidence of prior police misconduct is speculative, ECF 108-1 at 8-9, it is less speculative in this particular case, where the Officer Defendants have pled guilty to, or found guilty of, engaging in criminal conduct during a number of incidents other than the one in question. The evidence that would be relevant at a *Monell*/supervisory liability trial, some of which is cited in the Second Amended Complaint, would be highly prejudicial if introduced at the trial of the Officer Defendants with respect to the events of February 9, 2016. Accordingly, bifurcated trials, in addition to a stay of discovery, are appropriate, and the Motion, ECF 107, is **GRANTED**.

      Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                                       Sincerely yours,

                                            /s/

                                       Stephanie A. Gallagher
                                       United States District Judge